[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT NO. 102
FACTS
The plaintiffs, Richard B. Smith and Bruce A. Smith, filed an appeal from the probate of their mother's will in the superior court on April 1, 1996. Named as defendant is Gus Efthimiou Jr., in his capacity as executor of the estate of Eleanor C. Smith, the plaintiffs' deceased mother. The plaintiffs appeal from the decree of the Probate Court by Judge Caruso appointing the defendant as executor, claiming that the CT Page 11903 defendant "has a conflict of interest in that during the same time period when he represented the decedent in connection with the drafting of her Last Will Testament dated February 5, 1985 which was admitted to probate by decree date January 24, 1996 he also represented the decedent in connection with the negotiation, drafting and execution of a family financial settlement agreement dated May 2, 1985 which among other things disposed of the decedent's property in a manner diametrically opposed to the disposition she made in the Will."[1]
The plaintiffs conclude that the defendant's "irreconcilable conflict of interest prevents him from fulfilling his duties as fiduciary of the Estate." The plaintiffs also allege that the defendant failed to produce the decedent's will within thirty days from the time he received notice of her death, as he was required to do under General Statutes § 45a-282.[2]
On June 26, 1996, the defendant filed a motion for summary judgment, arguing that there is no issue of material fact in dispute, and that as a matter of law, judgment should enter in his favor. The plaintiffs filed an objection.
DISCUSSION
"A motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). "As the party moving for summary judgment, the [defendant] is required to support its motion with supporting documentation, including affidavits." Heyman Associates No. 1v. Ins. Co. of Pennsylvania, 231 Conn. 756, 796, 653 A.2d 122
(1995). "The burden of proof is on the moving party and the standards of summary judgment are strictly and forcefully applied." Miller v. United Technologies Corp., 233 Conn. 732,752, 660 A.2d 810 (1995).
Because neither party has produced any supporting documentation for their respective positions, the court has no evidence from which to base a decision. Moreover, the defendant has failed completely to meet his burden of proof. Therefore, the defendant's motion for summary judgment must be and is hereby denied.
MELVILLE, JUDGE